IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 24,682.49 TETHER SEIZED FROM BINANCE ACCOUNT ENDING IN 8938 ON OR ABOUT JULY 29, 2025,<br><br>    Defendant *In Rem*. | No.: |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America brings this Verified Complaint for Forfeiture *In Rem* under Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.  This is a civil action *in rem* under 18 U.S.C. § 981(a)(1)(A) and (C).

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355; and over this particular action pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Venue is proper in this district and the Court has *in rem* jurisdiction over the Defendant *In Rem* pursuant to 28 U.S.C. § 1355(b)(1)(A) and 1395(b) because the acts and omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

4. The Defendant *In Rem* is approximately 24,682.49 Tether seized from Binance account ending in 8938 on or about July 29, 2025, currently held in a government-controlled cryptocurrency wallet. The Defendant *In Rem* is within the possession, custody, or control of the United States.

## BASES FOR FORFEITURE

5. The Defendant *In Rem* is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property, real or personal, involved in a transaction and attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 and any property traceable to such property.

6. The Defendant *In Rem* is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as any property, real or personal, which constitutes and is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in section 18 U.S.C. § 1956(c)(7)), that is, wire fraud in violation of 18 U.S.C. § 1343; wire fraud conspiracy in violation of 18 U.S.C. § 1349; and money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

## FACTS SUPPORTING FORFEITURE

7. This Verified Complaint fully incorporates the facts contained in the attached Unsworn Declaration of Special Agent Davin Richmond of the Federal Bureau of Investigation.

## CLAIM FOR RELIEF

8. The United States of America respectfully requests that the Court issue a warrant of arrest for the Defendant *In Rem*; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that the Court enter judgment declaring the Defendant *In Rem* condemned and forfeited to the United States of America for disposition according to law; and that the Court grant the United States of America such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 11th day of December 2025.

W. Stephen Muldrow
United States Attorney

*s/Daniel J. Olinghouse*
Daniel J. Olinghouse
Assistant United States Attorney
USDC-PR No. G03009
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
(787) 766-5656
Daniel.Olinghouse2@usdoj.gov

## VERIFICATION

I, Davin Richmond, depose and say that I am a Special Agent with the Federal Bureau of Investigation and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and, pursuant to 28 U.S.C. § 1746, verify pursuant to penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in San Juan, Puerto Rico, this 11th day of December 2025.

_____
Davin Richmond, Special Agent
Federal Bureau of Investigation